UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

P. J. Stevens,

    Plaintiff,

 vs.        REPORT AND RECOMMENDATION

Isanti County District,

    Defendant.    Civil No. 08-515 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

 This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of Plaintiff P. J. Stevens for leave to proceed in forma pauperis ("IFP").  See, Docket No. 2.  For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

## II.  Factual and Procedural Background

 Most of the Plaintiff's current Complaint is unintelligible because it contains no complete sentences.  The Complaint consists of a two-page list of sentence

fragments, which shed very little light on the basis, or objective, of the lawsuit.  As far as we can tell, the Plaintiff is alleging that he was apprehended, in October 2007, and charged with driving while intoxicated ("DWI").  He apparently was taken into custody, by an unidentified party, and detained for one hundred and one (101) days.  While we may assume that the Plaintiff was detained in Isanti County, Minnesota, that fact is not specifically alleged in the Complaint.

The Complaint also alludes to civil commitment proceedings which, apparently, were brought against the Plaintiff, although it is unclear whether the Plaintiff was detained pursuant to the DWI incident, or the civil commitment proceedings.  The Complaint also refers to charges involving Criminal Vehicular Homicide, and Arson, and it is possible that the Plaintiff's detention was related to those matters as well.

The Complaint includes the phrases "wrongful imprisonment," "[d]etained with out probable [sic] cause or evinicen [sic] of a crime," and "detention on false allegations," all of which suggest that the Plaintiff believes he was detained in violation of his rights under Federal or State law.  However, the Complaint does not provide any coherent explanation of why the Plaintiff might believe that his detention was unlawful.

The caption of the Complaint identifies the named Defendant as "Isanti County District," which presumably means either "Isanti County" or "Isanti District Court." It is highly doubtful that "Isanti District Court" is a distinct and cognizable legal entity that can be sued in that capacity, so we assume that the Plaintiff is attempting to sue Isanti County itself. The Plaintiff apparently believes that Isanti County is responsible for his alleged unlawful detention. He is seeking a Judgment against Isanti County for "Comsention [sic] for loses [sic] and or guidline [sic] for such."

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of an extremely indulgent construction, the Plaintiff's pleading fails to state an actionable claim against the only named Defendant, or anyone else.

To state an actionable claim for relief, a complainant must allege a set of historical facts which, if proven true, would entitle him to some legal redress against the named defendant, based upon some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be

- 3 -

merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

The Plaintiff's Complaint does not provide any comprehensible information about the historical events and circumstances on which this action is based.  The Plaintiff certainly has not described any specific acts or omissions by the named Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant.

The Plaintiff also has not clearly identified the legal doctrine, principle, or theory, on which his lawsuit purportedly is based.  Our best guess is that the Plaintiff may be attempting to sue the Defendant under Title 42 U.S.C. §1983, for allegedly violating his Federal constitutional rights, although our guess involves sheer conjecture, as the Complaint does not mention Section 1983, or any Federal constitutional rights.  Nevertheless, a municipal corporation, such as the Defendant in this matter, "may be held liable under Section 1983 only if a municipal custom or policy caused the deprivation of [a] right protected by the constitution or federal laws."  <u>Angarita v. St. Louis County</u>, 981 F.2d 1537, 1546 (8th Cir. 1992); see also,

Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 223 (8th Cir. 1994)("[M]unicipal governments can be held liable for the acts of their employees in contravention of the civil rights of individuals only upon a showing that a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' is the motivating force behind the acts of those employees."), quoting Monell v. Department of Social Services, 436 U.S. 658, 690 (1978).

Here, the Plaintiff has not alleged that his constitutional rights were violated because of a specific policy, custom, or practice, that has been adopted by Isanti County. Therefore, even if the Plaintiff intended to bring this action under Section 1983, his Complaint would not state an actionable claim for relief.[1]

Since the Plaintiff's Complaint fails to state any viable cause of action on which relief can be granted, we recommend that this action be summarily dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and we further recommend that his IFP application be denied as moot.

NOW, THEREFORE, It is --

---

[1]Moreover, we note that, even if the Plaintiff were attempting to sue the Isanti County District Court, "Judges performing judicial functions enjoy absolute immunity from Section 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994); see also, Maness v. District Court of Logan County-Northern Div., 495 F.3d 943, 944 (8th Cir. 2007), citing Mireles v. Waco, 502 U.S. 9, 11 (1991).

RECOMMENDED:

1.      That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2.      That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated:  April 2, 2008                          *s/Raymond L. Erickson*
                                               Raymond L. Erickson
                                               CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 18, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a

Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **April 18, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.